IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICHARD A. ROSEN, : <br> On Behalf of the Ferguson Enterprises, Inc. : <br> 401(k) Retirement Savings Plan and On Behalf : <br> of All Other Similarly Situated Employee : <br> Benefit Plans, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> PRUDENTIAL RETIREMENT INSURANCE : <br> AND ANNUITY COMPANY, PRUDENTIAL : <br> BANK & TRUST, FSB, CAPFINANCIAL : <br> PARTNERS, LLC d/b/a CAPTRUST : <br> FINANCIAL ADVISORS AND FERGUSON : <br> ENTERPRISES, INC., : <br> : <br> Defendants. | CIVIL ACTION NO. 3:15-cv-1839-VAB |

**DEFENDANT CAPFINANCIAL PARTNERS, LLC'S**
**MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**

### Introduction

The Amended Complaint alleges that the 401(k) retirement plan run by defendant Ferguson Enterprises, Inc. ("Ferguson") offered investment options with excessive fees in violation of the Employee Retirement Income Security Act ("ERISA"). Defendant CapFinancial Partners, LLC ("CapFinancial) was engaged by Ferguson to "provide[] investment advice" to the Plan (Am. Compl. ¶ 26), which the Plan was free to reject. CapFinancial did not administer the Plan, and had no discretionary control over plan assets.

The Complaint does not specify any advice CapFinancial gave that allegedly violated ERISA. Only five of the 151 paragraphs of the Amended Complaint relate to the actions of CapFinancial at all, and these five paragraphs are so brief, ambiguous, and conclusory that, as explained below, they fail to state a claim. *Id.* ¶¶ 102-06.

The first flaw in the allegations is that they fail to specify any particular wrongdoing on the part of CapFinancial. Instead, CapFinancial is lumped together with Ferguson, a distinct and unrelated corporate entity, in a textbook example of impermissible "group pleading." *Id.* ¶ 28.

Second, even if all of the "group" allegations were applied to CapFinancial, they would be insufficient to state a claim. The essence of the allegations is that the Plan offered funds with higher fees than other available funds. But merely pleading that cheaper funds exist somewhere in the marketplace does not state a claim, because cheaper funds may have other problems that make them unsuitable for a particular plan. *Hecker v. Deere & Co.*, 556 F.3d 575, 586 (7th Cir. 2009). The Amended Complaint's sole attempt to plead additional facts supporting the claim of excessive fees is the allegation that the Plan offered too many "actively managed" funds rather than cheaper "passive" funds. But this Court and the Second Circuit have held that choosing actively managed funds does not violate ERISA. *Taylor v. United Techs. Corp.*, No. 3:06-cv-1494, 2009 U.S. Dist. LEXIS 19059, at *28-29 (D. Conn. Mar. 3, 2009), *aff'd*, 354 F. App'x 525

(2d Cir. 2009). As a result, Plaintiff's claims against CapFinancial, like those pleaded in *Hecker* and *Taylor*, should be dismissed.

## Background

Plaintiff Richard A. Rosen is a former participant in the Plan. Am. Compl. ¶ 21. Defendants Prudential Retirement Insurance and Annuity Company and Prudential Bank & Trust (collectively "Prudential") are the service provider, recordkeeper, and trustee for the Plan. *Id.* ¶¶ 22-23. Prudential provides administrative services, including providing a menu of investment options from which the Plan may choose investments that it in turn offers its participants. *Id.* ¶¶ 33, 38, 40, 42. Ferguson is the Plan's administrator, and CapFinancial provides investment advice to Ferguson about which investment options Ferguson should consider including in the Plan-specific menu. *Id.* ¶¶ 26-27.

Only one allegation in Plaintiff's 46-page Amended Complaint is specific to CapFinancial. At Paragraph 26, Plaintiff alleges that CapFinancial is an "advisor" to the Plan. The only other factual allegations against CapFinancial are in paragraphs 102-106, which lump CapFinancial together with Ferguson as the "Ferguson Defendants," *id.* ¶ 28, and allege:

- The Ferguson Defendants are fiduciaries to the Plan under ERISA, *id.* ¶ 102;

- The expenses associated with the investment options provided in the Plan are excessive because they "have been focused upon expensive and unsuitable actively managed mutual funds" rather than "limited, low-cost Vanguard index funds," *id.* ¶ 103;

- Certain actively managed funds the Plan offers have expense ratios of 76 to 102 basis points, which is "four or more times greater than retail passively managed funds," *id.* ¶ 104;

- The one index fund (i.e., a passively managed fund) the Plan offered (until recently, when it added several more) charged 30 basis points in fees, *id.* ¶ 105; and

2

- The Ferguson Defendants breached their fiduciary duty by failing to ensure that the Plan paid reasonable fees and by failing to monitor the conduct of Prudential in offering the funds that it did, *id.* ¶ 106.

Finally, Paragraphs 145, 147, and 151 add no factual allegations, but instead allege the legal conclusion that the conduct described in Paragraphs 102-106 violates ERISA.

## Legal Standard

Rule 12(b)(6) requires dismissal if a complaint lacks enough factual allegations to support the claim or fails to assert a cognizable legal theory. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a court must assume the truth of well-pleaded factual allegations, this rule does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conclusory statements do not suffice. *Id.* Instead, the plaintiff must plead enough facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The claim must be facially "plausible," which means the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).

The Second Circuit has cautioned that allegations of a breach of fiduciary duty under ERISA require "particular care" on a motion to dismiss "to ensure that the . . . Complaint alleges *nonconclusory* factual content raising a *plausible* inference of misconduct." *Pension Benefit Guar. Corp. v. Morgan Stanley Inv. Mgmt., Inc.*, 712 F.3d 705, 718 (2d Cir. 2013) (emphasis in original).

## Argument

**I.     All claims against CapFinancial must be dismissed because the amended complaint engages in impermissible "group pleading" and fails to specify any wrongdoing by CapFinancial.**

"Where a complaint names multiple defendants, that complaint must provide a plausible factual basis to distinguish the conduct of each of the defendants." *Ochre LLC v. Rockwell Architecture Planning & Design, P.C.*, No. 12 CIV. 2837, 2012 WL 6082387, at \*6 (S.D.N.Y.

3

Dec. 3, 2012), *aff'd,* 530 F. App'x 19 (2d Cir. 2013). When a complaint fails to explain which defendant did what, "the allegations fail to give adequate notice to the[] defendants as to what they did wrong." *Medina v. Bauer,* No. 02 CIV. 8837, 2004 WL 136636, at *6 (S.D.N.Y. Jan. 27, 2004); *Tatone v. SunTrust Mortg., Inc.*, 857 F. Supp. 2d 821, 831 (D. Minn. 2012). Accordingly, "[a] plaintiff fails to satisfy Rule 8 if the complaint lumps all the defendants together and fails to distinguish their conduct." *Williams v. Milford Police Dep't*, No. 3:15-cv-1394, 2015 U.S. Dist. LEXIS 129726, at *3 (D. Conn. Sept. 28, 2015) (alterations omitted).

Plaintiff's Amended Complaint fails to state a claim because it does not specify the misconduct in which CapFinancial engaged, instead lumping CapFinancial together with Ferguson. Am. Compl. ¶ 28, 102-106. This leaves CapFinancial guessing as to exactly how it is alleged to have breached any duties owed to Plaintiff. The Amended Complaint does not allege what advice CapFinancial offered to the Plan, does not specify whether or how that advice was deficient, and does not indicate whether the advice was even followed. The mere allegation that the Plan offered imprudent investment options, without specifying CapFinancial's role, if any, in choosing any particular options, does not put CapFinancial on notice of what it allegedly did wrong, much less raise a plausible inference of misconduct. *See Pension Benefit Guar. Corp.*, 712 F.3d at 718. For this reason alone, the claims against CapFinancial should be dismissed.

## II. Count I also fails to state a claim for breach of fiduciary duty against CapFinancial.

To evaluate whether a complaint states a plausible claim for relief, the court must "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. This means, for example, that this Court should disregard the legal conclusions about CapFinancial's alleged breach of fiduciary duties—those are legal conclusions entitled to no presumption of truth. The only *factual* allegations that might pertain to CapFinancial are that (1) cheaper funds exist, Am. Compl. ¶ 104; and (2) the Plan

4

includes too many actively managed funds instead of cheaper, passively managed funds, *id.* ¶ 103. As explained below, these allegations are not sufficient to state a claim.

> **A.     A plausible claim for breach of fiduciary duty must allege that the fiduciary's process for selecting investments was flawed.**

Under ERISA, a claim that a fiduciary engaged in imprudent investment management must "focus[] on a fiduciary's conduct in arriving at an investment decision, not on its results, and ask whether a fiduciary employed the appropriate methods to investigate and determine the merits of a particular investment." *See Pension Benefit Guar. Corp.*, 712 F.3d at 716. A claim does not become plausible under that standard merely by alleging that "better investment opportunities were available at the time of the relevant decisions," because "nothing in ERISA requires every fiduciary to scour the market to find and offer the cheapest possible fund." *Id.* at 718 (citation omitted). Instead, a plaintiff must allege that the fiduciary's fund selection process was flawed. *Id.*; *see also Bussian v. RJR Nabisco, Inc.*, 223 F.3d 286, 298-99 (5th Cir. 2000). Under these principles, Plaintiff must include allegations "referring directly" to the flaws in the fiduciary's "knowledge, methods, or investigations," or else must include enough facts that the court "may reasonably infer from what is alleged that the process was flawed." *Pension Benefit Guar. Corp.*, 712 F.3d at 718

The Amended Complaint includes none of these things. There are no allegations about Ferguson's process for selecting funds or the role CapFinancial's advice played in that process. Nor does the Amended Complaint allege sufficient facts about the funds offered in the Plan to raise a plausible inference that this process was flawed. The limited facts that *are* alleged—that cheaper funds exist and the Plan includes too many active funds instead of passive funds—fall far short of supporting the necessary inference.

### B. The bare allegation that fees are "excessive" does not state a claim.

The Amended Complaint's list of the fees charged by the Plan's actively managed funds, even combined with the statement that they are approximately four times greater than other available index funds (Am. Compl. ¶ 104) does not state a claim. "A bare allegation that fees are excessive, without supporting factual allegations, fails to state a plausible claim." *Austin v. Union Bank & Tr. Co.*, No. 3:14-CV-706, 2016 U.S. Dist. LEXIS 43454, at *34 (D. Or. Feb. 19, 2016) (citing *Hecker*, 556 F.3d at 586). Similarly insufficient is an allegation that other funds had lower fees than those in the Plan. As one leading opinion observed, "The fact that it is possible that some other funds might have had even lower [expense] ratios is beside the point; nothing in ERISA requires every fiduciary to scour the market to find and offer the cheapest possible fund (which might, of course, be plagued by other problems)." *Hecker*, 556 F.3d at 586.

To state a plausible claim of excessive fees, a plaintiff must include detailed allegations about "the range of investment options and the characteristics of those included options—including the risk profiles, investment strategies, and associated fees," all of which "are highly relevant and readily ascertainable facts against which the plausibility of claims challenging the overall composition of a plan's mix and range of investment options should be measured." *Renfro v. Unisys Corp.*, 671 F.3d 314, 327 (3d Cir. 2011). As the Second Circuit has explained, such facts are readily available from publicly available disclosures, so plaintiffs have no excuse for excluding them from their complaints. *Pension Benefit Guar. Corp.*, 712 F.3d at 719-20. Yet in the absence of sufficient context to establish a plausible claim that a fiduciary's choice of a particular investment was imprudent overall, taking into account both its fees and other characteristics, plaintiffs cannot state a claim. *Cf. Laboy v. Bd. of Trs. of Bldg. Serv. 32 BJ SRSP*, No. 11 Civ. 5127, 2012 U.S. Dist. LEXIS 110858, at *14 (S.D.N.Y. Aug. 7, 2012)

6

(dismissing complaint that failed to include allegations regarding the process by which funds were selected).

The Amended Complaint does not even specify all funds the Plan offered, and so cannot meet this standard. To the extent Plaintiff includes allegations about the range and characteristics of the funds in the Plan, they are sparse, incomplete, and inadequate to state a plausible claim. Plaintiff lists the fees charged on eleven funds at a single point in time. Am. Compl. ¶¶ 97, 104-105. The Amended Complaint alleges that these funds had fees ranging from a low of 0.30% to a high of 1.02%. *Id.* As the court in *Hecker* established, such a broad range of fees offers enough choice as a matter of law and thus cannot state a plausible claim for imprudent fund selection. *See Hecker*, 556 F.3d at 186 (affirming dismissal of complaint alleging range of fees from 0.07% to "just over 1%"); *see also Tibble v. Edison Int'l*, 711 F.3d 1061, 1083 (9th Cir. 2013), *vacated and remanded on other grounds by*, 135 S. Ct. 1823 (2015) (0.03% to 2%); *Renfro*, 671 F.3d at 319 (0.1% to 1.21%); *Loomis v. Exelon Corp.*, 658 F.3d 667, 669-70 (7th Cir. 2011) (0.03% to 0.96%).

Plaintiff's failure to state a claim is even more obvious when the Court considers publicly-available documents filed with federal agencies of which it may take judicial notice. *See Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991); *Barberan v. Nationpoint*, 706 F. Supp. 2d 408, 416 (S.D.N.Y. 2010). First, annual reports filed with the Department of Labor show that the Plan has offered the Vanguard Institutional Index Fund every year since 2010. *See* Ex. 1 (excerpts of Schedule H to 2010-2014 Form 5500s). Second, prospectus for that fund filed with the Securities and Exchange Commission shows that this fund's fees have ranged between 0.04% and 0.05% during that period. Ex. 2 (excerpt from fund prospectus). The actual fee range

in the funds offered by the Plan is thus 0.04% to 1.02%—almost exactly comparable to the ranges that doomed the same claims in *Hecker*, *Tibble*, *Renfro*, and *Loomis*.

### C. Allegations that a plan offered too many actively managed funds and not enough passively managed funds do not state a claim.

The only other allegation about the funds is that they include too many actively managed funds and not enough passively managed funds. But this Court has already rejected the argument that a fiduciary's selection of actively managed funds over cheaper passive funds states a claim under ERISA. *Taylor*, 2009 U.S. Dist. LEXIS 19059, at *28. The Second Circuit affirmed this ruling "substantially for the reasons stated in the District Court's thorough and well-reasoned memorandum." *Taylor v. United Techs. Corp.*, 354 F. App'x 525, 527 (2d Cir. 2009).

The plaintiffs in *Taylor*, like Plaintiff here, alleged that the plan fiduciary violated its duties under ERISA by offering actively managed investment options, which plaintiffs contended were "near[ly] certain[]" to underperform passive investments. *Taylor*, 2009 U.S. Dist. LEXIS 19059, at *27. Plaintiffs offered an expert opinion that "all actively-managed funds generally underperform passive index funds," but did not offer evidence that any particular actively managed fund had excessive fees or was imprudent. *Id.* at *28. The court held that this lack of specificity was fatal and granted summary judgment in favor of the fiduciary because "plaintiffs have not addressed the imprudence of selecting any particular actively-managed mutual funds" and "do not attack the fees of any specific mutual fund as unreasonable in light of other analogous mutual fund fees." *Id.*

The Amended Complaint suffers from the same flaws, insofar as it alleges only that all actively managed funds are imprudent compared to passively managed funds. Am. Compl. ¶¶ 103-106. It includes no allegations that "the fees of any specific mutual fund [are]

8

unreasonable in light of other analogous mutual fund fees," *Taylor*, 2009 U.S. Dist. LEXIS 19059, at *28, and so does not state a claim that the fees were excessive.

### D. The Amended Complaint does not state a claim for failure to monitor Prudential.

Finally, the Amended Complaint includes a one paragraph claim, alleging that the Ferguson Defendants "fail[ed] to monitor the conduct of Prudential." Am. Compl. ¶ 106. That conclusory allegation cannot state a claim. A conclusory allegation "in the most general terms" that a defendant breached the duty to monitor does not satisfy *Twombly* where it does not include "factual allegations about *how* defendant[] breached that duty." *Neil v. Zell*, 677 F. Supp. 2d 1010, 1023-24 (N.D. Ill. 2009). There are no specific allegations here specifying how CapFinancial failed in this duty.

### III. Count II must be dismissed because CapFinancial does not deny its fiduciary status.

Count II applies only "to the extent that" CapFinancial is "not deemed [a] fiduciar[y]." Am. Compl. ¶ 151. Because CapFinancial does not deny its fiduciary status with respect to the investment advice it provides the Plan, Count II fails to state a claim as well.

### Conclusion

For the foregoing reasons, CapFinancial respectfully requests that the Court dismiss the claims against CapFinancial with prejudice and award any other appropriate relief.

Date: June 13, 2016	Respectfully submitted,

                              CAPFINANCIAL PARTNERS, LLC D/B/A
                              CAPTRUST FINANCIAL ADVISORS


                              By:     /s/ *Daniel R. Thies*
                             One of its attorneys

> Dan E. LaBelle (labelle@halloransage.com)
> Federal Bar No. ct01984
> Halloran & Sage LLP
> 315 Post Road West
> Westport, CT 06880
> Tel: 203-227-2855
> Fax: 203-227-6992
>
> Joel S. Feldman (admitted *pro hac vice*)
> Eric S. Mattson (admitted *pro hac vice*)
> Daniel R. Thies (admitted *pro hac vice*)
> Sidley Austin LLP
> One South Dearborn Street
> Chicago, Illinois 60603
> Email: jfeldman@sidley.com
> emattson@sidley.com
> dthies@sidley.com
> Phone: (312) 853-7000
>
> *Attorneys for Defendant CapFinancial Partners, LLC d/b/a CapTrust Financial Advisors*

## **CERTIFICATE OF SERVICE**

      I certify that on June 13, 2016, a copy of the foregoing Defendant CapFinancial Partners, LLC's Memorandum in Support of its Motion to Dismiss was electronically filed. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

      By: */s/ Daniel R. Thies*
           Daniel R. Thies